UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALVIRA BLUE,<br>    *Plaintiff* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 2:19-CV-291 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY<br>INSURANCE COMPANY,<br>    *Defendant* | §<br>§<br>§<br>§<br>§ | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), hereby removes this lawsuit pursuant to 28 U.S.C. §§ 1332 and 1441, on the grounds of diversity of citizenship and amount in controversy, and respectfully shows the Court as follows:

### I.
#### BACKGROUND

1. On August 19, 2019, Plaintiff filed her Original Petition in the 343rf Judicial District Court of San Patricio County, Texas, Cause No. S-19-5798CV-C, styled *Alvira Blue v. Allstate Vehicle and Property Insurance Company*. *See* Exhibit A (Plaintiff's Original Petition).

2. Plaintiff's lawsuit against Allstate arises from property damage to Plaintiff's home alleged to been caused by Hurricane Harvey occurring on or about August 25, 2017. *Id* at ¶ 14. Therein, Plaintiff asserts causes of action against Allstate for breach of contract, and various violations of the Texas Insurance Code,. *See Id.* generally.

3. Plaintiff served Allstate, with Plaintiff's Original Petition and process on September 12, 2019 by certified mail upon on its registered agent. *See* Exhibit B (Certificate of Service).

4.      The State Court's Record Search including Case History for this matter is attached herein. *See* Exhibit C (State Court's Record Search).

## II.
### GROUNDS FOR REMOVAL

5.      This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

**A. Parties are Diverse**

   **i. Plaintiff's Citizenship**

6.      Plaintiff, Alvira Blue, is a natural person who resides in San Patricio County, Texas. *See* Exhibit A, ¶ 2. Plaintiff has not pled any other facts of her residency, intention to leave Texas, or domiciles in other States. *Id.* Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

   **ii. Allstate's Citizenship**

7.      Defendant, Allstate Vehicle and Property Insurance Company, is an Illinois corporation with its principle place of business in Cook County, in the State of Illinois. Defendant is thus a citizen of the State of Illinois.

**B. Amount in Controversy**

8.      The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds

$75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

9. If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

    a. While It is not facially apparent in the State Court petition, the claim likely exceeds $75,000.00

10. Here, Plaintiff's petition does not comply with Rule 47 of the Texas Rules of Civil Procedure.[1] Rather, Plaintiff's pleading makes the claim that "Plaintiff is seeking monetary relief within the jurisdictional limits of this court."  Exhibit A ¶ 4.  However, even if it is determined that is not facially apparent from the petition that Plaintiff's claim likely exceeds $75,000.00, the facts in controversy support a finding that Plaintiff's claim likely exceeds that amount.

    b. Evidence of Amount in Controversy

11. To determine the amount in controversy, the court may consider "…penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds,* No. 3;98-CV1288-G, 1999 WL 151667, at 2-3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in plaintiff's case against his insurance company).

---

[1] Rule 47 requires one of the following claims for relief:
(1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses; prejudgment interest, and attorney fees; or
(2) monetary relief of $100,000 but not more than $200,000; or
(3) monetary relief over $200,000 but not more than $1,000,000; or
(4) monetary relief over $1,000,000
See TEX. R. CIV. P. 47.

12.     Here, Plaintiff's petition seeks the following categories of damages:

- Actual damages;
- Court costs;
- Attorney's fees;
- ". . . exemplary and/or treble damages…" per Texas Insurance Code;
- [18 %] interest per Texas Insurance code; and
- Pre and post judgment interest.

Exhibit A, ¶¶ 16-28.

13.     Further, Plaintiff's own demand letter (the Tex. Ins. Code "Demand") implicates an amount in controversy that exceeds $75,000.00.  See Exhibit E (Plaintiff's Statutory Demand Letter). Plaintiff' Demand dated May 31, 2019 makes a pre-suit demand for $25,500.00.  Importantly, this demand does not take into account Plaintiff's pleadings for extra-contractual damages such as treble damages, or interest accrued on the claim since the date of the Demand.  Exhibit E, pgs. 2-3.

14.     In this case, Plaintiff's actual damages, if trebled, would amount to $76,500.00. This amount alone clearly exceeds $75,000, and does not take into account, statutory interest, exemplary damages, mental anguish damages, consequential damages, and other penalty damages.

15.     Accordingly, the potential amount of Plaintiff's damages, when considering Plaintiff's estimate, potential exemplary and treble damages, recovery of attorney's fees, statutory interest, mental anguish, consequential damages, and other penalties, will surely exceed the $75,000.00. *See Rodriguez v. Allstate Texas Lloyds*, 2015 WL 13203455, at *3 (S.D. Tex. Jan. 8, 2015); *Alvidres v. Allstate Texas Lloyds*, 2016 WL 9415195, at *2 (S.D. Tex. Oct. 4, 2016); *Rodriguez v. Lloyds*, 2015 WL 13203453, at *2 (S.D. Tex. Jan. 21, 2015); *Salinas v. Allstate Vehicle & Prop.*

*Ins. Co.*, 2016 WL 8650475, at *2 (S.D. Tex. Sept. 28, 2016); *Gonzalez v. Allstate Texas Lloyds*, 7:14-CV-668, 2014 WL 12680692, at *2 (S.D. Tex. Dec. 30, 2014).

16. In addition to the foregoing, Plaintiff's insurance policy implicates that the value of the underlying claim is in excess of the jurisdictional limits. Specifically, in determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit in *St. Paul Reinsurance Co. v. Greenberg,* defined the "object of the litigation" as the "value of the right to be protected." 134 F. 3d 1250 (5th Cir. 1998) (declaratory judgment action); *see also Noyola v. State Farm Lloyds,* No. 7:13-CV-146, 2013 WL 3353963 (W.D. Tex. 2013)(applying *St. Paul Reinsurance Co.* analysis to breach of contract case arising from hailstorm damage claim). In *Hartford Ins. Group v. Lou-Con Inc.,* the Fifth Circuit specified that for claims involving the applicability of the insurance policy to a particular occurrence, the amount in controversy is measured by the "value of the underlying claim." 293 F.3d 908, 911 (5th Cir. 2000).

17. The subject homeowner's policy forms the contractual basis for Plaintiff's breach of contract claim. *See* <u>Exhibit A</u>, *generally.* The policy provides that the limits of coverage to Plaintiff's property at issue is $188,000 in dwelling protection, $18,000.00 in other structures protection, and $112,000 in personal property protection for a total of $318,000.00 in total policy coverages. *See* <u>Exhibit D</u> (policy declarations sheet).

18. The limits for the insured property implicate an amount in controversy above the jurisdictional threshold. That is, it is the policy, which serves as the basis of Plaintiff's breach of contract claim. *See Noyla,* 2013 WL 3353963, at *3 (noting plaintiff's breach of contract claim facially implicated the limits of the policy). Accordingly, Plaintiffs' breach of contract claim alone implicates that the value of the underlying claim is in excess of the jurisdictional limits. When

combined with the extra-contractual and statutory damages alleged, the amount is well-above the threshold.

19. Based on the foregoing, the amount in controversy exceeds $75,000.00.

## III.
### REMOVAL IS PROCEDURALLY PROPER

20. This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

21. Venue is proper in this Court under 28 U.S.C. §1441(a) since the District and Division of this Court includes San Patricio County, Texas, the county where the State Court suit was filed.

22. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

23. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of San Patricio County District Court.

## V.
### CONCLUSION

WHEREFORE, Defendant Allstate Vehicle and Property Insurance Company requests that the Court accept jurisdiction over this action for the reasons set forth above and grant Defendant any such other and further relief to which Allstate may show itself justly entitled.

Respectfully submitted,

By: */s/ Robert E. Valdez*
    **Robert E. Valdez**
    State Bar No.20428100
    S.D. Tex. Bar No. 9816
    revaldez@valdeztrevino.com

**VALDEZ & TREVIÑO**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Telephone: (210) 598-8686
Facsimile: (210) 598-8797

*Attorney for Defendant Allstate Vehicle and Property Insurance Company*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record on October 7, 2019 pursuant to the Rule 5 of the Federal Rules of Civil Procedure, via CM/ECF or other electronic means:

Noah M. Wexler
Roland Christensen
Jake Balser
Jacob Karam
Adam Lewis
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas 77007
Counsel For Plaintiff

    */s/ Robert E. Valdez*
    **Robert E. Valdez**