UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALVIRA BLUE, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-291 |
| § | |
| ALLSTATE VEHICLE AND PROPERTY § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

# **ORDER**

Plaintiff Alvira Blue filed this action against Defendant Allstate Vehicle and Property Insurance Company (Allstate) in state court. D.E. 1-2. She alleges that Allstate insured her home, which was damaged by Hurricane Harvey, and she seeks policy benefits. Allstate removed the case to this Court pursuant to diversity jurisdiction, 28 U.S.C. § 1332, which Blue has not contested.

Before the Court are Allstate's Motion for Partial Dismissal (D.E. 5) and Motion for Protection from Plaintiff's Demand for Appraisal (D.E. 8). Plaintiff has filed responses to each. D.E. 10, 11. After due consideration, the Court GRANTS the motion for partial dismissal (D.E. 5), DISMISSES Plaintiff's claims for misrepresentation under Texas Insurance Code § 541.060(a)(1), and GRANTS LEAVE to Plaintiff to file an amended complaint that conforms with federal pleading standards on all claims. The Court further DENIES the motion for protection (D.E. 8), ORDERS the parties to submit damages to the appraisal process, and STAYS this matter pending completion of the appraisal.

A. **Motion for Partial Dismissal**

1. **Standard of Review**

Allstate's motion to dismiss invokes Federal Rules of Civil Procedure 9(b) and 12(b)(6).

> Rule 9(b) of the Federal Rules of Civil Procedure requires that a plaintiff state an alleged fraud with particularity. "A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)." Rule 9(b) requires that a plaintiff state the who, what, when, where, and how of the alleged fraud. "The frequently stated, judicially-created standard for a sufficient fraud complaint . . . instructs a plaintiff to plead the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby."

*Musket Corp. v. Suncor Energy (U.S.A.) Mktg., Inc.*, 759 F. App'x 280, 286–87 (5th Cir. 2019) (citations omitted). These pleading standards, while referencing fraud and mistake, apply equally to claims for misrepresentation under the Texas Insurance Code. *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, No. CV H-16-3676, 2017 WL 3431816, at *4 n.7 (S.D. Tex. Aug. 9, 2017).

The test of pleadings under Rule 12(b)(6) balances a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). The requirement that the pleader show that she is entitled to relief requires "more than labels

and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible. *Id.*, 550 U.S. at 557. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

**2. Discussion**

Allstate complains that Plaintiff's allegations regarding misrepresentations in violation of Texas Insurance Code § 541.060(a)(1) are devoid of factual assertions in violation of the heightened pleading standards of Rule 9(b) and fail the standard of review under Rule 12(b)(6). Plaintiff's response stands on the sufficiency of the existing petition, suggesting that the particularity requirements of Rule 9(b) apply only to the allegations of the insured loss: that Allstate issued a policy that covered Plaintiff's home, which was damaged on or about August 25, 2017, as a result of Hurricane Harvey.

Contrary to Plaintiff's argument, the heightened pleading standard applies to the substance of the allegations of misrepresentation. And while Plaintiff generally alleges improprieties in the adjuster's inspection and appraisal of the damage, the pleading offers no factual details regarding exactly how the inspection was substandard, what damages were not included in the report, what damages were undervalued, and what the adjuster or

insurance company stood to gain by such improprieties. The complaints of misrepresentations are thus formulaic and conclusory. The Court rejects Plaintiff's argument that further detail is not required.

### 3. The Motion to Dismiss is Well-Taken

Because Plaintiff has failed to provide factual detail as required by the federal pleading standards, the Court GRANTS the motion for partial dismissal. Anticipating that contingency, Plaintiff's response included a request for leave to amend. Having reviewed the entirety of Plaintiff's allegations, and because Plaintiff initially pled pursuant to state court standards, the Court GRANTS LEAVE and ORDERS Plaintiff to file an amended complaint fully complying with the federal pleading requirements for factual pleading of all claims. Fed. R. Civ. P. 81(c)(2); *see also, Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Twombly*, 550 U.S. at 544 (2007).

## B. Motion for Protection from Appraisal

### 1. Burden of Proof

The burden of proof for demonstrating waiver lies on Allstate as the party advancing the defense to the appraisal remedy. *Judson Post No. 2059, Veterans of Foreign Wars v. Phila. Indem. Ins. Co.*, No. SA-18-CV-00609-XR, 2019 WL 4261126, at *5 (W.D. Tex. Sept. 9, 2019) (citing *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 411 (Tex. 2011)). "[M]ere delay is not enough to find waiver; a party must show that it has been prejudiced." *Universal Underwriters, supra*. "Waiver is ordinarily a question of fact, but where the facts are admitted or clearly established, it becomes a question of law." *Sanchez v. Prop. & Cas., Ins. Co. of Hartford*, No. CIV. A. H-09-1736,

2010 WL 413687, at *4 (S.D. Tex. Jan. 27, 2010) (citing *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996)).

**2. Discussion**

Allstate raises two defenses to Plaintiff's request for appraisal. First, it claims that the principal issue in this case is liability, not damages. Second, it complains that the parties reached an impasse in March 2018 and that the May 2019 appraisal demand is made too late—Plaintiff waived the appraisal remedy. Plaintiff argues that the damages remain unliquidated and, because the impasse occurred on June 24, 2019, the request for appraisal was timely. Plaintiff further argues that Allstate has failed to demonstrate prejudice to support its waiver argument.

The Court will not deny appraisal on the representation that liability is the "principal" issue. So long as damages remain an issue—even a secondary issue—appraisal is a remedy to which the parties are contractually entitled. D.E. 11-2, p. 32. It is further conceivable that liquidating the damages will clarify liability issues or otherwise alter the parties' settlement positions. There is a benefit to appraisal in the overall administration of justice in this case.

With respect to the alleged delay, Allstate claims that the parties reached an impasse in March 2018, when Allstate denied Plaintiff's claim related to her shingles. Plaintiff claims the impasse occurred after Allstate denied her May 2019 settlement

demand with a letter of rejection dated June 24, 2019. It is undisputed that Plaintiff made her demand for appraisal on October 15, 2019. D.E. 11-1.[1]

Allstate argues that Plaintiff cannot generate a new point of impasse by simply making a new demand and that a three-month delay before invoking appraisal is too long, citing *In re Allstate Vehicle & Property Insurance Co.*, 549 S.W.3d 881, 891 (Tex. App.—Fort Worth 2018, orig. proceeding). But that case is distinguishable. There, it was Allstate that sought to establish a new point of impasse. Its offer of settlement was disingenuous in that it was grossly insufficient to settle all of the extra-contractual claims along with the contractual claims. And the new settlement activity took place immediately prior to the scheduled trial; it was interposed to obtain a tactical advantage. None of those circumstances exist here. While Plaintiff's new settlement demand coincided with the dispute entering the litigation phase, it was made at the outset of the case, not on the eve of trial.

Allstate also cites *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006), to suggest that waiver is dependent only on evidence of intentional conduct inconsistent with claiming a known right. But *General Electric* was concerned with a jury waiver agreed to in writing with conspicuous font. The Court does not read that case to change the requirements for proving waiver of the appraisal right (which requires a showing of prejudice) or to apply to a situation where no waiver has been reduced to a written agreement.

---

[1] While Allstate purports to have attached a number of exhibits to its motion for protection, none appear of record. Thus any evidence must be gleaned from other documents that include exhibits filed of record.

Allstate claims prejudice because, while the claim has remained unresolved, it assumes that Plaintiff has not made repairs and the property has "surely" continued to deteriorate. More specifically, Allstate contends that it has been deprived of its ability to promptly investigate the damage when the evidence would be untainted by time and deterioration. Yet Allstate admits that it actually sent its inspectors to the property to conduct inspections on three occasions within one, three, and six months after the loss. D.E. 8, p. 5. Allstate also had the right to demand an appraisal at an earlier time if it were concerned about delay.

Allstate has produced no evidence that the property actually suffered additional deterioration over the time since its claimed point of impasse or that any such deterioration must, but cannot, be distinguished from the initial loss. Without evidence of prejudice, Allstate improperly asks the Court to speculate, which it will not do. Allstate has not demonstrated waiver of the appraisal right.

### 3. The Motion for Protection is Not Well-Taken

Allstate has failed to meet its burden to prove that Plaintiff waived her right to invoke the appraisal remedy in her policy of insurance. The Court will DENY the motion for protection, ORDER the damages portion of this matter referred to appraisal, and STAY this action pending appraisal.

## CONCLUSION

For the reasons set out above, the Court GRANTS the motion for partial dismissal (D.E. 5) and DISMISSES the claims for misrepresentations in violation of Texas Insurance Code § 541.060(a)(1). The Court GRANTS Plaintiff's request for LEAVE to

file an amended complaint and ORDERS Plaintiff to file her amended pleading in conformity with federal pleading rules on or before December 20, 2019.

The Court further DENIES the motion for protection (D.E. 8), ORDERS the parties to submit their damages dispute to appraisal, and with the exception of the pleading deadline set out above, STAYS this matter until the completion of appraisal. Consequently, the Court VACATES the initial pretrial conference set for January 8, 2020. The parties are ORDERED to file a joint status report on May 1, 2020, and every six months thereafter to advise the Court whether the appraisal process has been completed and the stay may be lifted.

ORDERED this 9th day of December, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE